[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-10070

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARVIN MORRIS CARRIDICE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cr-60214-AHS-3

————————————————

Before GRANT, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Marvin Carridice pleaded guilty to illegally re-entering the United States.  The district court sentenced him to 42 months in prison.  Because his sentence was procedurally and substantively reasonable, we affirm.

## I.

Carridice is a native and citizen of Jamaica.  In 2009, Carridice pleaded no contest to five criminal offenses in Florida state court: second-degree murder and attempted first degree murder, burglary of a conveyance, grand theft, carrying a concealed firearm, and possession of cannabis.  Carridice was sentenced to 14 years in prison for his murder charges, 12 years in prison for the burglary, and 5 years each for the other three offenses—all of which were served concurrently.  In 2018, Carridice was released from custody, and an Immigration Judge issued a final order removing him from the United States.  As an alien removed for committing an aggravated felony under Section 237 of the Immigration and Nationality Act, Carridice was prohibited from entering, attempting to enter, or being in the United States at any time.  *See* 8 U.S.C. §§ 1227(a)(2)(A)(iii); 1326(a)–(b).

In 2021, Carridice traveled with 16 other migrants on a small boat from the Bahamas to Florida.  The trip did not end well for

Carridice, who was detained in Pompano Beach after the boat crashed into a seawall while fleeing from law enforcement. Carridice was charged with illegal entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2), and he pleaded guilty.

The presentence investigation report ("PSI") applied the U.S. Sentencing Guidelines to recommend an advisory range for Carridice's sentence. The PSI determined that Carridice had 12 criminal history points, placing him in criminal history category V, with an offense level of 15. Based on this combination, the advisory Guidelines range was 37 to 46 months in prison.

Carridice did not object to the PSI, but he did request a downward variance from the Guidelines range. Carridice first argued that—while his criminal history score was technically correct—the court ought to more fairly consider his criminal history as category III instead of category V. He reasoned that he had only pleaded to the five-year statutory maximum of his three lesser state criminal offenses because the sentences were to be served concurrently, and that those then-seemingly meaningless extra years inflated his criminal history score by nine points. He also argued that he had reformed his character. He submitted certificates showing that he had completed a variety of voluntary courses while in prison, as well as character references from friends and family who attested to his contributions to his community in Jamaica. Finally, he argued that he was fleeing death threats and political violence in his community in Jamaica. In support of this last argument, he included a letter from a local police officer in his

parish in Jamaica detailing the "political and gang violence which span several decades' [sic]" and an uptick in violence in 2021. He also submitted the redacted asylum report of a friend who illegally entered the United States with him and was found to have a credible fear of returning to Jamaica, as well as a U.S. travel advisory recommending that United States citizens not to go to Carridice's home parish.

The United States requested a sentence of 46 months, the top of the Guidelines range. The United States argued that this sentence was necessary to reflect the gravity of Carridice's crimes prior to his re-entry into the United States and to deter Carridice from committing any further crimes. It further argued that, as a sentence far below the statutory maximum of 240 months, a 46-month sentence was not overly harsh and would not create sentencing disparities.

After a hearing, the district court sentenced Carridice to 42 months in prison and three years of supervised release. The court noted that it had "considered the statements of all the parties" and "reviewed the presentence report which contains the advisory guidelines and the statutory factors as set forth in 18 United States cod [sic] § 3553(a)." In explaining its reasoning, the court mentioned that the violence in Carridice's home parish in Jamaica was "not of recent vintage" and said that if Carridice had been trying to flee violence when he first entered the United States, he would not have brought violence with him. The court spoke positively about how Carridice spent his time in state prison and

remarked that Carridice had "done many good things," but it also emphasized that Carridice had "spent a little more than half of his adult life in prison already." The court then determined that neither an upward nor downward variance was appropriate and picked a sentence in the middle of the Guidelines range. The court asked Carridice's counsel if either he or Carridice objected to its findings of facts or to its procedures for calculating the sentence, and they did not do so. Carridice now appeals, arguing that his sentence was procedurally and substantively unreasonable.

## II.

This Court reviews the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). When a defendant fails to object to the procedures of the sentencing court, the defendant must show that those procedures were plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain error review, the defendant must show (1) an error occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Russell* 957 F.3d 1249, 1253 (11th Cir. 2020).

## III.

Carridice argues that his sentence was procedurally unreasonable. He reasons that the district court (1) failed to fully apply the 18 U.S.C. § 3553(a) factors when it did not depart

6                    Opinion of the Court                    22-10070

downward from the Guidelines range based on Carridice's good works in prison, his inflated criminal history score, and the circumstances surrounding his flight from Jamaica;[1] and (2) impermissibly went beyond the record by pointing to Jamaica's long history of violence.

We are not persuaded. The district court "is not required to incant specific language or articulate its consideration of each individual § 3553(a) factor, so long as the whole record reflects the district court's consideration of the § 3553(a) factors." *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). This record indicates that the court considered the § 3553(a) factors. For one, the court explicitly said that it considered the § 3553(a) factors, as well as the presentence report and the statements of the parties, which both in turn relied on the § 3553(a) factors. And looking at the totality of the court's reasoning, we are left with the impression

---

[1] The § 3553(a) factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the relevant Guidelines range; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

that the court carefully considered both Carridice's arguments and the government's arguments, weighing Carridice's rehabilitation and the violence in Jamaica against the serious nature of Carridice's crimes to determine that no variance from the Guidelines range was appropriate. Although the court did not ultimately credit Carridice's arguments to the degree that Carridice would have liked, we see no plain error in the court's consideration of the § 3553(a) factors.

Nor do we think that the court impermissibly strayed beyond the record by noting that Carridice's home parish had been violent when Carridice first entered the United States. A letter from a police officer in Carridice's home parish described the area as a "hotbed of political and gang violence which span several decades' [sic]" and Carridice's childhood friend described the violence as "ongoing." From that record information, an inference that Carridice's home parish was violent in the 1990s is not plainly erroneous.

Carridice also argues that a 42-month sentence was substantively unreasonable and higher than necessary to meet the goals of § 3553(a) given his personal circumstances, his rehabilitation in prison and in Jamaica, and his credible fear of harm.

For many of the same reasons that we think that the sentence was procedurally reasonable, we also conclude that Carridice's sentence is substantively reasonable. This Court will vacate a sentence only if we are "left with the definite and firm

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted). And we ordinarily expect sentences that are within the Guidelines range and well below the statutory maximum penalty to be substantively reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

Here, after weighing all the facts in the case, the court gave a sentence in the middle of the Guidelines range and far below the 240-month statutory maximum. There is simply nothing in the record to unsettle our expectation that such a sentence would be reasonable. The court was well within its discretion to think that Carridice's correctly calculated criminal history score more accurately reflected his criminal record than Carridice's proposed downward adjustment. And even though the court seriously considered Carridice's rehabilitation and the violence in Jamaica, it also needed to consider that he was a convicted murderer who had spent most of his adult life in prison and had just committed a serious offense. The court did not abuse its discretion when it balanced these considerations.

★    ★    ★

Because Carridice's sentence was procedurally and substantively reasonable, we **AFFIRM.**